UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-CV-23619-JEM

APRIL RICE,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, APRIL RICE, is a citizen and resident of California.

2. Defendant, CARNIVAL CORPORATION (at times "Carnival"), is a foreign entity incorporated under the laws of Panama with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under this Court's admiralty and maritime jurisdiction.  Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum selection clause contained within the Cruise Ticket Contract issued by Defendant.

4. At all times material, Defendant, personally or through agent(s):

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

1

LIPCON, MARGUILES & WINKLEMAN, P.A.

b.   Was engaged in substantial activity within this state;

c.   Operated vessels in the waters of this state;

d.   Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e.   The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f.   Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard cruise ships.

5.   At all times material, Defendant is subject to the jurisdiction of the courts of this state.

6.   The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7.   At all times material, Defendant, Carnival, owned, operated, managed, maintained, and/or controlled the vessel, the *Carnival Breeze* ("the vessel").

8.   At all times material, Carnival had exclusive custody and control of the vessel.

9.   At all times material, the *Carnival Breeze* was in navigable waters.

## Subject Incident

10. On or about October 14, 2022, the Plaintiff was a paying passenger aboard the *Carnival Breeze*, which was in navigable waters.

11. On or about October 14, 2022, as Plaintiff was walking in the Limelight Lounge, Plaintiff was severely injured when she tripped and fell over a bulging carpet edge that was coming up and did not lay flat

12. Defendant directly participated in and approved the designs for the interior areas of the

subject vessel, including the carpet selection, pattern, and layout for public areas and lounges onboard the ship.

13. The flooring in the Limelight Lounge consisted of two different patterned carpets, placed side by side, which covered the walking surfaces and dance floor.

14. Passengers, including the Plaintiff, had to walk across the bulging carpet edge to reach the dance floor portion of the Limelight Lounge.

15. Defendant was aware of the defective and hazardous condition that the fringing and bulging carpet created and had attempted, unsuccessfully, to tape the carpet down so it would lay flat and not create a tripping hazard.



16. Defendant did not properly secure the carpet so that it laid flat, did not cordon off the area, or placed any warnings or cautions to alert passengers, and Plaintiff, to the hazardous and dangerous condition.

17. The hazardous and dangerous condition was not open and obvious and there was nothing the Plaintiff could have done to have avoided her incident.

18. This hazardous condition was either created by Defendant and its employees or had been in place for a sufficient period so that Defendant knew or should have known about it through the exercise of reasonable care.

LIPCON, MARGUILES & WINKLEMAN, P.A.

19. Alternatively, Defendant and/or its employees, at all material times, undertook to repair the carpet and to maintain the flooring to ensure that passengers, including Plaintiff, had a safe place to walk while aboard the vessel, and thereby acquired a duty to exercise reasonable care in those undertakings.

20. As a result of the negligence of Defendant, its vessel, and/or crew, Plaintiff sustained serious, permanent, and debilitating injuries, including but not limited to a severely fractured ankle requiring surgical intervention.

## COUNT I - NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

21. At all times material, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

22. Alternatively, at all material times, Defendant and/or its employees engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

23. At all times material, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to be.

24. On or about October 14, 2022, Plaintiff was walking in the Limelight Lounge, a place that Plaintiff is invited to by Defendant and a place Defendant reasonably expected Plaintiff to be.

25. On or about October 14, 2022, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

4

LIPCON, MARGUILES & WINKLEMAN, P.A.

a   Failure to adequately warn passengers and the plaintiff of the dangers posed by the defect in the carpet in the Limelight Lounge; a

b   Failure to adequately warn the plaintiff of the existence of trip-and-fall/hazardous conditions in the Limelight Lounge, such as an unleveled floor and/or defects in the carpet;

c   Failure to adequately warn passengers and Plaintiff of any changes in level and/or unlevel flooring in walkways and/or lounges aboard Defendant's vessel;

d   Failure to post adequate and reasonable warnings or caution signs which would warn the Plaintiff and other passengers to stay clear of the area;

e   Failure to adequately demarcate the hazardous/dangerous condition which would warn the Plaintiff and other passengers to stay clear of the area;

f   Failure to warn Plaintiff that Defendant did not properly remedy a hazardous/dangerous condition which Defendant knew or should have known about; and/or

g   Failure to warn passengers and Plaintiff of other similar accidents previously occurring in the same manner on the vessel and Defendant's vessels.

26. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff would not have tripped and fell had Defendant and/or its agents, servants, and/or employees adequately warned and/or communicated the foregoing to Plaintiff.

27. At all times material, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not warn about them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, (b) its prior efforts to tape and fix the carpeting, and/or (c) prior incidents causing personal

injury to Defendant's passengers in the same or substantially similar area.  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

28. As a direct and proximate result of the negligence of Defendant Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired.  The injuries are permanent or continuing in nature, and the Plaintiff will suffer losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands jury trial of all issues so triable.

### COUNT III NEGLIGENT FAILURE TO MAINTAIN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

29. At all times material, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

30. Alternatively, at all material times, Defendant and/or its employees engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

31. At all times material, it was the duty of Defendant to maintain the subject flooring in a

reasonably safe condition.

32. On or about October 14, 2022, Carnival and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a   Failure to adequately maintain the subject flooring free of trip-and-fall hazards;

b   Failure to regularly and adequately inspect the subject flooring to determine whether it was free of trip-and-fall hazards;

c   Failure to maintain the subject carpet of the subject lounge and/or subject walkway in a manner that was flush with the carpet and/or walkway and not raised and/or hazardous;

d   Failure to properly and adequately fix and/or remedy the subject flooring;

e   Failure to maintain the area where the Plaintiff's incident occurred free from unreasonably dangerous conditions and/or hazards;

f   Failure to adequately, timely, and regularly inspect and maintain the subject in a reasonably safe condition, including, but not limited to, in a manner that was flush with the carpet and/or walkway and not raised and/or hazardous;

g   Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned, and maintained free of trip-and-fall hazards; and/or

h   Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject carpet and/or subject walkway in a reasonably safe condition and free of trip-and-fall hazards.

33. The above acts and/or omissions caused and/or contributed to Plaintiff being severely

7

injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

34. At all times material, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not warn about them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, (b) its prior efforts to tape and fix the carpeting, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

35. As a direct and proximate result of the negligence of Defendant Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands jury trial of all issues so triable.

### COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

8

LIPCON, MARGUILES & WINKLEMAN, P.A.

36. At all times material, Defendant owed Plaintiff a non-delegable duty to exercise reasonable care under the circumstances.

37. Alternatively, at all material times, Defendant and/or its employees engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

38. On or about October 14, 2022, Defendant and/or its agents, servants, joint venturers, and/or employees, breached its duty to provide Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a      Failure to maintain the subject area in a reasonably safe condition;

b      Failure to provide the Plaintiff with a reasonably safe place to walk;

c      Failure to promulgate and/or enforce adequate policies and/or procedures about detecting and preventing incidents, such as the Plaintiff's, from occurring on its vessels, including but not limited to the subject vessel;

d      Failure to correct the dangerous or hazardous conditions which caused the Plaintiff to suffer her incident;

e      Failure to eliminate or modify the dangerous or hazardous conditions which caused the Plaintiff to suffer her incident;

f      Failure to properly train and instruct its employees/crewmembers to detect, report, and remedy dangerous and/or hazardous conditions;

g      Failure to comply with, promulgate, and/or enforce adequate policies and procedures for the inspection, cleaning, and maintenance of carpeted walking areas;

h      Failure to ascertain the cause of prior similar accidents happening on any of Defendant's vessels fleet wide to take adequate measures to prevent their

reoccurrence, and more particularly Plaintiff's incident; and/or all of which caused and/or contributed to the Plaintiff becoming injured; and/or

i    Failure to instruct and/or warn passengers, such as Plaintiff, of the hazards in walkways aboard the ship (including but not limited to the subject area) presenting dangers to such persons; and/or

j    Failure to maintain the surface in a level condition.

39. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have tripped and fell but for the above acts and/or omissions.

40. At all times material, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not warn about them.  Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, (b) its prior efforts to tape and fix the carpeting, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area.  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

41. As a direct and proximate result of the negligence of Defendant the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired.  The injuries are permanent or continuing in nature, and the Plaintiff will suffer losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise,

and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands jury trial of all issues so triable.

### COUNT IV GENERAL NEGLIGENCE FOR CONDUCT OF ITS CREWMEMBER(S) BASED ON THEORY OF VICARIOUS LIABILITY

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

40. At all times material, it was the duty of Carnival to provide the Plaintiff with reasonable care under the circumstances.

41. At all times material, the subject crewmember(s) and agent(s) of Defendant were acting within the scope of his/her employment.

42. On or about October 14, 2022, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions, for which Defendant is vicariously liable:

    a.  Negligently repairing the subject carpet;

    b.  Failure to properly tape down and/or otherwise secure the subject carpet so it did not lift and/or create a tripping hazard; and/or

    c.  Failure to place caution signs and/or other barriers to prevent passengers from coming into contact with the dangerous/hazardous condition.

43. Defendant, as the employer of the subject crewmember(s), is vicariously liable for all damages resulting from the negligent acts of the subject crew member while acting within the scope of employment under the doctrine of *respondent superior*.[1]

---

[1] *See. Yusko v. NCL* (Bahamas), Ltd., 4 F.4th 1164, 1169 (11th Cir. 2021).

LIPCON, MARGUILES & WINKLEMAN, P.A.

44. Defendant, as the employer of the subject crewmember(s), is vicariously liable for all damages resulting from the negligent acts of the subject crewmember(s) regardless of whether Plaintiff can show that Defendant had actual or constructive notice of the subject condition that caused Plaintiff's injuries.[2]

45. As a direct and proximate result of the negligence of Defendant Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands jury trial of all issues so triable.

Dated: December 27, 2023

Respectfully submitted,

LIPCON, MARGULIES, &
WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, Florida 33134
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE

---

[2] *See. Id*. at 1170.

*Attorney for Plaintiff*

LIPCON, MARGUILES & WINKLEMAN, P.A.