UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-CV-23619-JEM

APRIL RICE,

       Plaintiff,

v.

CARNIVAL CORPORATION,

       Defendant.

_____ /

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDNT'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
AND/OR STRIKE CLAIM FOR VICARIOUS LIABILITY IN COUNT IV**

Plaintiff, APRIL RICE, by and through undersigned counsel files her Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint and/or to Strike Claim for Vicarious Liability in Count IV [D.E. 6]. For the reasons set forth herein, Defendant's Motion should be denied.

**I.      Introduction**

This matter arise from personal injuries the Plaintiff suffered while a passenger on Defendant's vessel. The Plaintiff alleges she was injured when she tripped and fell due to bulge in the carpet which was coming up and not laying flat thereby creating a tripping hazard. [D.E. 5, ¶11]. The bulge in the carpet was caused by two different patterned carpets that Defendant had placed side by side in the Limelight Lounge that were not properly grounded and/or secured. [D.E. 5, ¶11, and 13]. Defendant was aware that there was a defect in the carpet because Defendant attempted to remedy the hazardous condition by having a crewmember(s) place tape where the two carpets connected so the pieces of carpet would lay flat. [D.E. 5, ¶15]. The crewmember(s)

1

responsible for taping and/or securing the carpet failed to properly secure the carpet, didn't cordon off the area and/or did not place any warning or caution signs to alert passengers, including the Plaintiff, of the dangerous condition. [D.E. 5, ¶16]. As a result, the carpet edge was not properly secured causing the Plaintiff to trip and fall, and sustained a severely fractured ankle requiring surgery. [D.E. 5, ¶15 and 20].

Defendant's Motion is limited to Count Iv, the claim based on Vicarious Liability. Defendant argues that Plaintiff cannot assert a cause of action for vicarious liability in claims based upon premises liability claims and/or failure to maintain.   [D.E. 6, pp 4-9].  Defendant's Motion should be denied as the Courts in this jurisdiction have repeatedly rejected this exact argument. *See, Davis v. Carnival Corp*., 2023 WL 5955700 (S.D.Fla. July 31, 2023)(Judge Williams); *Hunter v. Carnival Corp*., 609 F. Supp. 3d 1305 (S.D. Fla. July 1, 2022)(Judge Altonaga); *Mclean v. Carnival Corp*.,  2023 WL 372061 (S.D. Fla. January 23, 2023)(Judge Scola).

In rejecting Defendant's position, the Courts ruled that Defendant's interpretation of *Yusko v. NCL (Bahamas) Ltd*., 4 F.4th 164 (11th Cir. 2021) has been read too narrowly, and as "master's of his or her own complaint," claims for vicarious liability can be asserted even if they overlap with premises liability claims.

## II.     Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Matrixx Initiatives, Inc. v. Siracusano,* 563 U.S.27, 131 S.Ct. 1309, 1322 n.12 (2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d  929 (2007)).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  As *Twombly* put it, the plausibility standard merely requires that a plaintiff allege sufficient facts to nudge the "claims across the line from

conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.  A complaint is sufficient if it succeeds in "identifying facts that are suggestive enough to render each element plausible." *Franza v. Royal Caribbean Cruises, Ltd*., 772 F.3d 1225, 1230 (11th Cir. 2014).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, at 1949; *Marshall County Bd. of Ed. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (dismissal of a complaint is only appropriate when no construct of factual allegations will support a cause of action.)  The rule does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise the reasonable expectation that discovery will reveal evidence of a necessary element.  *Chaparro v. Carnival Corp*., 693 F.3d at 1337 *(11th Cir. 2012)*; *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295-96 (11th Cir. 2007).  *Gentry v. Carnival Corp.,* case no.: 21580-cv-JG, 2011 WL 4737062 (S.D.Fla. October 15, 2011).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true.  *Brooks v. Blue Cross and Blue Shield of Florida, Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997).   Thus, a well pled complaint survives a motion to dismiss "even if it strikes the savvy judge that actual proof of these facts are improbable and 'that a recovery is remote and unlikely.'" *Twombly*, 550 U.S. at 556.

III.    **Plaintiff Can Bring a Cause of Action for Vicarious Liability Based on a Premises Liability/Failure to Maintain Claims**

In *Hunter v. Carnival Corp*., 609 F. Supp. 3d 1305 (S.D. Fla. July 1, 2022), the plaintiff was injured when a cabin steward improperly placed a bunk bed ladder resulting in the plaintiff falling when he attempted to climb down from the bunk.  Defendant argued that it was improper for the plaintiff to attempt to assert a vicarious liability claim based on the cabin steward's alleged creation of a dangerous condition, which amounted to a premises liability claim.

3

Chief Judge Altonaga ruled that "Plaintiff may or may not be able to prove the cabin steward's negligence in the end. But Plaintiff is certainly allowed to allege that the cabin steward negligently set up Plaintiff's cabin and that Defendant is vicariously liable as a result."

In allowing the vicarious claim to proceed and denying the Motion to Dismiss, the Court specifically rejected Defendant's reliance on *Britt v. Carnival Corp.*, 580 F.Supp. 3d 1211 (S.D. Fla. 2021), a case the Defendant relies on in this instance.   The Court found that *Britt's* understanding *Yusko* was too narrow, ruling that:

> This correct reading of *Yusko* mandates survival of the vicarious liability claim here. Count I, like the vicarious liability claims in both *Britt* and *Yusko*, does not "seek" to hold Defendant liable for anything other than its employee's allegedly negligent actions. *Yusko*, 4 F.4th at 1170; *see Britt*, 2021 WL 6138848, at *4. Plaintiff was therefore not required to allege Defendant's notice of the negligently arranged cabin (although, in any event, it does (*see* Am. Compl. ¶ 29)). *See, e.g.*, *Ewing v. Carnival Corp.*, No. 19-20264-Civ, 2022 1719315, at *2 (S.D. Fla. May 27, 2022) (recounting that after *Yusko*, the district court permitted the plaintiff to pursue a vicarious liability claim against Carnival based on a Carnival employee's failure to properly secure bunk bed without establishing notice); *Elardi v. Royal Caribbean Cruises, Ltd.*, No. 19-cv-25035, 2021 WL 7367291, at *4–5 (S.D. Fla. Dec. 2, 2021) (reconsidering and reversing prior ruling that lack of notice precluded vicarious liability claim, ruling instead that plaintiff could assert vicarious liability claim against Royal Caribbean based on employee's negligent installation of sofa).

In *Davis v. Carnival Corp., Davis v. Carnival Corp.*, 2023 WL 5955700 (S.D.Fla. July 31, 2023), the plaintiff slipped and fell on a foreign transitory substance while walking on a deck. The plaintiff alleged that multiple crew members were in the immediate vicinity of where she fell, that the crewmembers knew or should have known of the hazard and either removed the hazard or warned the plaintiff of the hazard.  Relying on the same exact cases it cites in its Motion[1], Defendant argued that the plaintiff's vicarious liability claim was simply an attempt to circumvent notice and that the *Yusko* holding does not extend vicarious liability claims for negligent

---

[1] *Yusko v. NCL (Bahamas) Ltd*., 4 F.4th 164 (11th Cir. 2021), *Britt v. Carnival Corp*., 580 F.Supp. 3d 1211 (S.D. Fla. 2021); *Holland v. Carnival Corp*., 50 F.4th 1088 (11th Cir. 2002); *Worley v. Carnival Corp*., 21-23501-CIV, 2022 WL 845467 (S.D. Fla. Mar. 22, 2022)

maintenance or negligent failure to warn claims.   In rejecting the Defendant's argument, the Court ruled that binding precedent holds that vicarious liability is a valid theory of liability even when it overlaps with premises liability and the plaintiff may base her claims on both theories of liability.

In *Mclean v. Carnival Corp*.,  2023 WL 372061 (S.D. Fla. January 23, 2023), the plaintiff alleged she was tripped and fell while attempting to board the vessel when the gangway was not properly aligned, creating a tripping hazard.   The Court permitted the plaintiff to assert a claim for negligence and for vicarious liability for the crewmember(s) action in negligently setting up the gangway which created the tripping hazard.

Accordingly, the Plaintiff should properly be allowed to state a claim for vicarious liability based on the negligence actions of the crewmember who failed to properly tape the carpet down which created a tripping hazard.

### IV.    Plaintiff Has Alleged Sufficient Facts to State a Cause of Action for Vicarious Liability

Naming the specific action of a crewmember is sufficient to state a cause of action for vicarious liability.   *Mclean v. Carnival Corp.*, 22-23187-CIV, 2023 WL 372061 (S.D. Fla. Jan. 24, 2023)(complaint was sufficient where "plaintiff identifies the specific action by crew members of Carnival's – 'misaligning the gangway' – that allegedly caused her injury); *Hunter v. Carnival Corp.*, 609 F. Supp. 3d. (plaintiff is allowed to allege that the cabin steward negligently set up the plaintiff's cabin).

In *Davis, supra* at *4, the Court ruled that ruled:

Davis has pleaded sufficient facts in the Amended Complaint to support her claim for vicarious liability. Specifically, Davis alleges that the specific crewmembers owed her a duty of reasonable care, that the crewmembers breached that duty, and that the breach proximately caused her actual harm. [ECF No. 11 ¶ 18–23]. And she asserts that those crewmembers were acting within the scope of their employment. [*Id.* ¶ 19]. Those facts alone are sufficient to support that the crewmembers acted negligently, and that Carnival may be vicariously liable for the

5

LIPCON, MARGUILES & WINKLEMAN, P.A.

crewmembers' active negligence.

In *Elardi v. Royal Caribbean Cruises, Ltd*., 2021 WL 7367291 *1 (S.D. Fla. December 2, 2021), the Court ruled that the plaintiff pled sufficient facts in his single count which alleged:

> RCCL and/or its agents and employees, at all material times, affirmatively undertook to design and/or research and/or create and/or incorporate strength, durability, testing, and safety standards and procedures for commercial grade sofas and chairs for use in guest areas aboard its vessels, and/or undertook to issue specifications for such furniture; and/or under took to procure and/or specify and/or periodically test and/or inspect and/or review and/or replace and/or refurbish such furniture for durability, load-bearing, longevity, and their safety considerations, and thereby acquired a non-delegable duty to exercise reasonable care in those undertakings. (ECF No. 1, ¶7)

In this instance the Plaintiff has complied with all of the pleading requirements as set forth in *Davis*. The Plaintiff has alleged duty and breach. Moreover, the Plaintiff not only identifies the specific action of a crewmember, but also alleges the very specific acts of negligence, all of which were done in the course and scope of the crewmember's employment. Specifically, the Plaintiff has alleged:

    a.  Negligently repairing the subject carpet;

    b.  Failure to properly tape down and/or otherwise secure the subject carpet so it did not lift and/or create a tripping hazard; and/or

    c.  Failure to place caution signs and/or other barriers to prevent passengers from coming into contact with the dangerous/hazardous condition.

[D.E. ¶42(a)-(c)]

These specific acts of alleged negligence are not vague nor conclusory and satisfy the pleading requirements.

**V.    Plaintiff Does Not Need to Identify the Specific Employee who Committed the Negligent Acts**

Contrary to the Defendant's assertion, the Plaintiff does not need to identify the specific

employee whose negligence caused her injury.

> There is no requirement in the law that she do so, and it would seem fundamentally unfair to require the Plaintiff to remember the names of each of the crewmembers involved in the incident simply to file a complaint. There were, undoubtedly, specific crewmembers involved in the incident that the Plaintiff alleges. The Plaintiff's allegations are not general allegations of a failure to maintain a safe premises.

*Mclean v. Carnival Corp.*, 22-23187-CIV, 2023 WL 372061 (S.D. Fla. Jan. 24, 2023); *Davis, supra* at *4;  *Hunter, 609, F.Supp 3d at 1311 n.3* (finding that the allegations would enable defendant to identify the employee during discovery); *Peavy v. Carnival Corp.*, 2023 WL 3454921 (S.D. Fla. May 12, 2023)(finding that the allegations would enable defendant to identify the employee during discovery).

Similarly in *Elardi, supra*, the plaintiff was injured when the sofa he sat on partially collapsed.  A partial motion for summary judgment based on vicarious liability was entered in favor of the plaintiff when discovery determined that defendant's employee replaced the two original support screws by inadequately installed two replacement screws.  The Court noted that "there is no dispute that there was active negligence by an employee in the course and scope of employment."

In the instant matter, the Plaintiff has alleged that Defendant negligently attempted to fix the carpet by taping it down, but that the carpet which was still coming up and creating a tripping hazard.  [D.E. 5, ¶18-19].  As in *Elardi,* this work would have been done in the course and scope of a crewmember's employment. During the discovery process, the Parties should be able to identify the specific crewmember(s) who attempted to tape down the carpet through Defendant's work orders, corrective action orders and/or maintenance records.

## VI.     Motion for Leave to Amend

In the event that this Court determines that the Plaintiff's allegation are deficient in any

matter, Plaintiff request leave to amend.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order denying Defendant's Motion to Dismiss Plaintiff's Amended Complaint and/or Strike Claim for Vicarious Liability in Count IV. And, in the alternative, granting Plaintiff's Motion for Leave to Amend.

February 2, 2024.

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Carol L. Finklehoffe*
**CAROL L. FINKLEHOFFE**
cfinklehoffe@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/ Carol Finklehoffe*
**CAROL L. FINKLEHOFFE**

### SERVICE LIST
*Rice v. Carnival Corporation*
**Case No. 23-CV-23619-JEM**

| **CAROL L. FINKLEHOFFE** | **DONNISE DESOUZA WEBB** |
|---|---|
| Florida Bar No. 0015903 | ddesouza@carnival.com |
| cfinklehoffe@lipcon.com | Secondary: dtrester@carnival.com |
| LIPCON, MARGULIES, | CARNIVAL CORPORATION |
| & WINKLEMAN, P.A. | 3655 N.W. 87th Avenue |
| 2800 Ponce de Leon Blvd., Suite 1480 | Miami, FL 33178 |
| Coral Gables, FL 33134 | Telephone: (305) 406-4838 |
| Telephone No.: (305) 373-3016 | Facsimile: (305) 406-4732 |
| Facsimile No.: (305) 373-6204 | *Attorney for Defendant* |
| *Attorneys for Plaintiff* | |

L I P C O N ,  M A R G U I L E S  &  W I N K L E M A N, P. A.