UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO. 23-CV-23619-JEM

APRIL RICE,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
AND/OR STRIKE CLAIM FOR VICARIOUS LIABILITY IN COUNT IV**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby files its Reply to Plaintiff's Response [ECF No. 12] to Defendant's Motion to Dismiss Amended Complaint and/or Strike Claim for Vicarious Liability in Count IV [ECF No. 6], and states as follows:

**ARGUMENT**

I. **Plaintiff's Allegations in Count IV Fail to State a Claim for Vicarious Liability.**

Plaintiff argues in response that her direct and vicarious liability claims can be asserted even if they overlap. [ECF No. 12 at pg. 2]. However, the underlying factual allegations for both her direct and vicarious liability claims are virtually identical – that she tripped on a bulge in a carpet in the Limelight Lounge on the Carnival Breeze and fell. [ECF No. 5 at ¶ 11]. Failure to provide a smooth walking surface and failure to warn of a bulge in carpet flooring are classic negligent maintenance and failure to warn claims. These allegations across Counts I through IV of Plaintiff's Amended Complaint – combined with Plaintiff's failure to identify a specific Carnival employee

whose negligence caused her injury in her vicarious liability claims – indicate "[t]his case is exactly the type of case in *Yusko* where a passenger is limited to a theory of direct liability." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1097 (11th Cir. 2022). Again, as the Eleventh Circuit explained in *Holland*, "nothing in *Yusko* suggests that [a plaintiff] can avoid pleading the elements necessary to allege Carnival's direct liability for negligent maintenance and failure to warn by titling his claims for vicarious liability and asserting in a conclusory allegation that Carnival was vicariously liable for any negligent actions by any of its crewmembers." *Id.*

*Jones v. Carnival Corp.*, No. 23-cv-21908-BLOOM/Otazo-Reyes, 2023 WL 6846682 (S.D. Fla. Oct. 17, 2023) illustrates why Plaintiff's direct and vicarious liability counts are duplicative and warrant dismissal. There, the Court dismissed a vicarious liability claim where the factual allegations supporting it were identical to those supporting the direct liability claim. The plaintiff alleged she fell while descending a tender boat gangway back on to the cruise vessel. *Id.* at *2. In both the direct liability counts and vicarious liability counts, Plaintiff alleged identical failures by both Carnival and its agents to support her negligence claims. *Id.* at *2-3.

The Court found the vicarious liability count duplicative of the direct liability counts. *Id.* at *6. The Court discussed:

> Specifically, the Complaint alleges that Defendant and its crewmembers breached their respective duties by engaging in six identical acts or omissions. But Defendant is a corporate entity and, since an entity like Defendant must almost act exclusively through its agents, the crewmembers' acts and omissions and Defendant's acts are one in the same. For that reason, the Court cannot discern how the [vicarious liability count] is not duplicative of the [the direct liability counts]. While Plaintiff is correct when she observes a plaintiff may define the risk-creating condition that led to her injuries, Plaintiff provides no basis in law allowing her to plead that both Defendant and its employees are responsible for the same risk-creating conditions.

*Id.*

2

*Jones* explained that "*Yusko* does not support that a plaintiff can *always* proceed against a cruise line on both a direct and vicarious liability theory." *Id*. (emphasis in original). "As *Holland* recognized, *Yusko* explained that 'common sense suggests that there will be … many occasions where passengers are limited to a theory of direct liability." *Id*. The court found the *Jones* plaintiff conceded her claim was direct in nature by repeating in her vicarious liability count allegations that gave rise to a breach of duty in the direct liability counts. *Id*. The court therefore found that dismissal with prejudice of the vicarious lability claims was warranted as being duplicative. *Id*. (citing *Worley v. Carnival Corp.*, No. 21-23501-CIV, 2022 WL 845467, at *2 (S.D. Fla. Mar. 22, 2022)).

Plaintiff's Response fails to adequately dispute that Count IV (Vicarious Liability) of Plaintiff's Amended Complaint should be dismissed for failure to state a claim. In Count IV, Plaintiff alleges:

"42. On or about October 14, 2022, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions, for which Defendant is vicariously liable:

a. Negligently repairing the subject carpet;

b. Failure to properly tape down and/or otherwise secure the subject carpet so it did not lift and/or create a tripping hazard; and/or;

c. Failure to place caution signs and/or other barriers to prevent passengers from coming into contact with the dangerous/hazardous condition."

*See* [ECF No. 5 at ¶ 42].

3

Carnival's claimed liability as alleged in Count IV arises in relation to the condition of the subject carpet on the floor of the lounge.  This is the same condition that underlies Counts I-3 for Defendant's alleged direct liability. [ECF No. 5].  At bottom, the subject vessel itself contains the alleged dangerous condition of a carpet bulge that allegedly posed a tripping hazard. [ECF No. 5, ¶11].  By asserting claims for vicarious liability in Count IV based on nothing more than the alleged negligent failure to warn and maintenance of the subject carpet bulge, Plaintiff is improperly seeking to circumvent maritime law's notice requirement, which has been recognized as an improper tactic. Multiple courts in this District have found similar claims to require notice, even if plead under a vicarious liability theory.

While Plaintiff relies on *Hunter v. Carnival Corp.*, No. 22-20236-CIV, 2022 WL 2498757, at *4–5 (S.D. Fla. July 1, 2022, *Davis v. Carnival Corp.*, No. 22-24109-CIV, 2023 WL 5955700, at *3-4 (S.D. Fla. July 31, 2023) and *McLean v Carnival Corp.*,22-23187-CIV, 2023 WL 372061 (S.D. Fla. January 24, 2023) to argue otherwise, those cases are distinguishable from the instant case as the alleged dangerous conditions in *Hunter, Davis* and *McLean* involved crewmembers' alleged negligent conduct or omissions in failing to properly secure cabin ladders, actively mopping a floor, or placing a moveable gangway, respectively.  Here, as noted above, the claimed dangerous condition pertains to the condition of a bulge in a carpet on a floor that was allegedly a trip hazard.

As noted by the Honorable Jose Martinez in *Segarra v. Carnival Corp.*, there is a difference between cases where "the vessel itself contained the dangerous condition – a wet, slippery floor (*Britt*), or a door stopper (*Quashen*)" and those where "like in *Yusko,* the employee directly created the risk through his own conduct." 1:21-cv-23661-JEM, [D.E. 18 at 4-5], (S.D. Fla. Sep. 06, 2022)

4

(Martinez, J.)   In *Quashen v. Carnival Corp.*, 2021 WL 5978472 (S.D. Fla. Dec. 17, 2021), a passenger had her finger injured by a closing balcony door. The passenger contended that a carpenter crewmember improperly replaced and installed the balcony door closing mechanism after it injured a prior passenger as well. *Id.* at *4. The carpenter was specifically identified. *Id.* Despite this, the court declined to apply the *Yusko* exception to notice given that the claim sounded in negligent maintenance. *Id.* at *18. The court held that since "the Yusko Court explicitly reaffirmed Everett's requirement of notice for claims of negligent maintenance against shipowners, the Court finds that notice of a dangerous condition is still required, even where there is evidence that a shipowner's employee negligently created or maintained a defect." *Id.* citing *Yusko,* 4 F.4th at 1170; Everett, 912 F.2d at 1358)*;* see also *Atkinson v. Carnival Corp.*, No. 20-20317-CIV, 2022 WL 405366, at *2 (S.D. Fla. Feb. 10, 2022) ("In essence, Plaintiff is attempting to bring a negligent maintenance claim under a vicarious liability theory.  But *Yusko* does not extend that far.")

In *Britt v. Carnival Corp.*, the Honorable Judge Moore also found that the plaintiff's claim of "negligent mopping [was] in fact for negligent maintenance of [d]efendant's premises and negligent failure to warn." 2021 U.S. Dist. LEXIS 248263, at *9-10 (S.D. Fla. 2021). It is clear that the Honorable Judge Moore's reasonings fall in line with the standard outlined by the Eleventh Circuit and stands as persuasive authority, even if it may not be binding precedent as stressed by Plaintiff. Defendant maintains that the facts presented in both *Britt* and *Quashen* are likewise similar here, and something that Plaintiff attempts to work around by critiquing the Southern District's opinions following the Yusko decision. [ECF No. 12 Pg. 2]. As stated by the Eleventh Circuit, the "creation of a defect—and not simply creation or maintenance of the premises as a whole—[is] insufficient to

obviate the notice requirement." *Pizzino v. NCL (Bah.) Ltd.*, 709 F. App'x 563, 566 (11th Cir. 2017) (citing Everett, 912 F.2d at 1358).

Wherefore, Plaintiff has improperly pled negligent maintenance and negligent failure to warn under a vicarious liability claim, and as such, Plaintiff's Count IV should be dismissed.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9th, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generate by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

DONNISE DESOUZA WEBB, ESQ
CARNIVAL CORPORATION
3655 N.W. 87th Avenue
Miami, Florida 33178-2428
(305) 406-4838 Direct Phone
(305) 599-2600 Ext. 18073 Assistant's Phone
(305) 406-4732 Telefax

By:      *s/ Donnise DeSouza Webb, Esq.*
        Donnise DeSouza Webb, Esq
        FLA. BAR NO: 879398

## SERVICE LIST

| | |
|---|---|
| DONNISE DESOUZA WEBB, ESQ.<br>ddesouza@carnival.com<br>Secondary: dtrester@carnival.com<br>CARNIVAL CORPORATION<br>3655 N.W. 87th Avenue<br>Miami, FL 33178<br>Telephone: (305) 406-4838<br>Facsimile: (305) 406-4732<br>Attorney for Defendant, CARNIVAL | CAROL L. FINKLEHOFFE, ESQ.<br>cfinklehoffe@lipcon.com<br>JASON R. MARGULIES, ESQ.<br>jmargulies@lipcon.com<br>LIPCON, MARGULIES & WINKLEMAN, P.A.<br>2800 Ponce de Leon Blvd., Suite 1480<br>Coral Gables, FL 33134<br>Telephone: (305) 373-3016<br>Facsimile: (305) 373-6204<br>Attorney for Plaintiff, RICE |

[Service via CM/ECF Notice of Electronic Filing]